LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 820
Brooklyn, New York 11201
(718) 722-4100

Attorneys for Plaintiff NANCY RIVERO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X

NANCY RIVERO,

**AMENDED
COMPLAINT**

Plaintiff,

CV 06 1590
(ADS)(AKT)

-against-

COUNTY OF NASSAU, LT. ROBERT L. NASH, POLICE
OFFICER STEVEN ZACCHIA (Shield No. 2978), POLICE
OFFICER BRIAN LARSEN (Shield No. 2548), POLICE OFFICER
ANGELA IERARDO (Shield No. 1645), and JOHN and
JANE DOES 1 Through 10, individually and in their official
capacities, (the names John and Jane Doe being fictitious, as the
true names are presently unknown),

<u>Jury Trial Demanded</u>

Defendants,

-----------------------------------------------------------------------------X

Plaintiff NANCY RIVERO, by her attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows:

## <u>Preliminary Statement</u>

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S. §1983 and 42 U.S. §1988 for violations of her civil rights, as

said rights are secured by said statutes and the Constitution of the States of New York and the

United States.

1

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff NANCY RIVERO is a female, and at all relevant times a resident of the

County of Richmond, City and States of New York. At all relevant times herein, plaintiff

suffered and continues to suffer from fibromyalgia, and cervical spondyliosis with disc bulging

and herniation.

7.      Defendant COUNTY OF NASSAU was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant COUNTY OF NASSAU maintains the Nassau County Police

Department, a duly authorized public authority and/or police department, authorized to perform

all functions of a police department as per the applicable sections of the aforementioned

municipal corporation, County of Nassau.

9.      That at all times hereinafter mentioned, the individually named defendants, LT.

ROBERT L. NASH, POLICE OFFICER STEVEN ZACCHIA (Shield No. 2978)("ZACCHIA"),

POLICE OFFICER BRIAN LARSEN (Shield No. 2548), POLICE OFFICER ANGELA

IERARDO (Shield No. 1645), and JOHN and JANE DOES 1 Through 10, were duly sworn

police officers of said department and were acting under the supervision of said department and

according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

York or County of Nassau.

11.     Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant COUNTY OF

NASSAU.

12.     Each and all of the acts of the defendant alleged herein were done by said

defendants while acting in furtherance of their employment by defendant COUNTY OF

NASSAU.

## FACTS

13.     The following is a summary.

14.     As of January 8, 2005, plaintiff had been under treatment for fibromyalgia for

several years.  In addition, plaintiff presented with cervical spondyliosis with disc bulging and

herniation.  These conditions caused plaintiff to be in constant pain and disabling fatigue.

15.     To combat the pain, plaintiff's physician prescribed her a narcotic analgesic

duragesic patch for pain control.  The medication must be withdrawn gradually to prevent

narcotic withdrawal.

16.     As of January 8, 2005, plaintiff had been without her medication for a few days,

and experienced chest pains. On that evening, she was taken via ambulance to North Shore Plainview Hospital, where she was brought to the emergency room at approximately 10:00 p.m. for treatment.

17.     At approximately 10:40 p.m., defendant ZACCHIA and other Nassau County Police Officers placed plaintiff under arrest for the alleged offenses of Criminal Trespass and Resisting Arrest. The arresting officers subjected plaintiff to excessive force during the arrest by roughly grabbing and twisting her arm, tightly handcuffing her, and roughly throwing her in a Nassau County police vehicle.

18.     Plaintiff was thereafter transported to the 2nd Precinct stationhouse in Nassau County, where she was processed in connection with the above charges.

19.     During the arrest process, plaintiff was subjected to further unjustified physical abuse when she was fingerprinted by on the officers.

20.     At the precinct, defendants authorized, caused, participated in, or failed to intervene in an unlawful strip search of the plaintiff by two unknown female police officers, notwithstanding that the defendants had no suspicion whatsoever that plaintiff was concealing weapons or contraband. Further, the strip search, which was conducted in a precinct bathroom, was non-private and open to the view of passersby, including male police officers.

21.     As a result of the foregoing, plaintiff NANCY RIVERO sustained, *inter alia*, emotional distress, embarrassment, and humiliation, and deprivation of her constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
#### (Excessive Force under 42 U.S.C. § 1983)

22.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "21" with the same force and effect as if fully set forth herein.

23.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

24.     All of the aforementioned acts deprived plaintiff NANCY RIVERO of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United of America, and in violation of U.S.C. 1983. In particular, plaintiff was deprived of, *inter alia*, the right to be free from excessive force by law enforcement officers.

25.     The above-described acts of excessive force were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

26.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the COUNTY OF NASSAU and the New York City Parks Police Department, all under the supervision of ranking officers of said department.

27.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Unlawful Strip Search under 42 U.S.C. § 1983)

28.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29.     The illegal strip search employed by defendants was conducted in the absence of any reasonable suspicion that plaintiff had been concealing weapons or contraband. In addition,

5

the search was non-private, and thereby unconstitutional.

30.    As a result of the aforementioned conduct of defendants, plaintiff NANCY

RIVERO's constitutional rights have been violated.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

31.    Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32.    Defendants had an affirmative duty to intervene on behalf of plaintiff NANCY

RIVERO, whose constitutional rights were being violated in their presence by other officers.

33.    The defendants failed to intervene to prevent the unlawful conduct described

herein.

34.    As a result of the foregoing, plaintiff NANCY RIVERO was subjected to

excessive force, she was put in fear of her safety, and she was humiliated and subjected to an

unlawful strip search.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

35.    Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.    The defendants conduct herein was an abuse of executive power so clearly

unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth

Amendment.

37.    As a result of the foregoing, plaintiff NANCY RIVERO was deprived of her right

to substantive due process, causing severe and permanent emotional and physical injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

38.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

40.     The aforementioned customs, policies, usages, practices, procedures and rules of the Nassau County Police Department included, but were not limited to unlawfully strip searching misdemeanor and felony detainees in the absence of any individualized reasonable suspicion that said individuals may be concealing weapons or contraband; and conducting strip searches in a non-private manner, such that members of the opposite sex would be able to view arrestees during states of undress.   In addition, the County of Nassau engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff NANCY RIVERO's rights as described herein.   As a result of the failure of the County of Nassau to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant County of Nassau has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

41.     The foregoing customs, policies, usages, practices, procedures and rules of the County of Nassau and the Nassau Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff NANCY RIVERO.

42.     The foregoing customs, policies, usages, practices, procedures and rules of the

7

County of Nassau and the Nassau County Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff NANCY RIVERO as alleged herein.

43.     The foregoing customs, policies, usages, practices, procedures and rules of the County of Nassau and the Nassau County Police Department were the moving force behind the Constitutional violations suffered by plaintiff NANCY RIVERO as alleged herein.

44.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the County of Nassau and the Nassau County Police Department, plaintiff NANCY RIVERO was unlawfully strip searched.

45.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff NANCY RIVERO's constitutional rights.

46.     All of the foregoing acts by defendants deprived plaintiff NANCY RIVERO of federally protected rights, including, but not limited to, the right to be free of unlawful strip searches.

47.     As a result of the foregoing, plaintiff NANCY RIVERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

48.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the COUNTY OF NASSAU, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

49.     The COUNTY OF NASSAU has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation

of such claim as aforesaid.

50. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

51. Plaintiff has complied with all conditions precedent to maintaining the instant action.

52. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Unlawful Strip Search under the laws of the State of New York)

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. As a result of the foregoing, plaintiff was illegally strip searched in violation of Article 1, Section 12 of the New York State Constitution.

55. The strip search of plaintiff was conducted in the absence of reasonable cause and was not otherwise privileged. In addition, the strip search was non-private and therefore objectively unreasonable and a violation of plaintiff's right to privacy.

56. As a result of the aforementioned conduct, plaintiff has suffered embarrassment, humiliation, shock, fright and loss of freedom.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

59.     The aforementioned conduct was committed by defendants while acting within the scope of their employment for defendant COUNTY OF NASSAU.

60.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment for defendant COUNTY OF NASSAU.

61.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff.

62.     As a result of the aforementioned conduct, plaintiff suffered emotional distress, embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

63.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     Upon information and belief, defendant COUNTY OF NASSAU failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff.

65.     Defendant COUNTY OF NASSAU knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

## AS AND FOR A NINTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

66.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     Upon information and belief the defendant COUNTY OF NASSAU failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and

10

participated in the arrest of plaintiff.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

68.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant COUNTY OF NASSAU and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Respondeat Superior liability under the laws of the State of New York)

70.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     Defendant COUNTY OF NASSAU is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

72.     As a result of the foregoing, plaintiff is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff NANCY RIVERO demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
      January 2, 2007

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 820
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)

Attorneys for Plaintiff NANCY RIVERO

Index No. 06 Civ. 1590

| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
| --- |

NANCY RIVERO,

                                                        Plaintiff,

                        -against-

COUNTY OF NASSAU, LT. ROBERT L. NASH, POLICE
OFFICER STEVEN ZACCHIA (Shield No. 2978), POLICE
OFFICER BRIAN LARSEN (Shield No. 2548), POLICE
OFFICER ANGELA IERARDO (Shield No. 1645), and
JOHN and JANE DOES 1 Through 10, individually and in
their official capacities, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                        Defendants.

## AMENDED COMPLAINT

*LEVENTHAL & KLEIN, LLP*
*Attorneys for Plaintiff NANCY RIVERO*
*45 Main Street, Suite 820*
*Brooklyn, New York 11201*
*(718) 722-4100*

*Due and timely service is hereby admitted.*

*New York, N.Y. ......................................................, 2007*

*................................................................................... Esq.*

*Attorney for ...........................................................................*